## WILLIAM W. DOBBINS, Respondent, v. THE BOARD OF SUPERVISORS OF YUBA COUNTY, Appellants.

On May 1, 1851, the Legislature passed two Acts, one to regulate Proceedings in Criminal Cases ; the other, to regulate Fees in Office—both fixing the fees of the Clerk in criminal cases, and essentially different. *Held*, that the latter Act must govern, as the subject of fees was the sole object of that Act, and the fixing of fees in the former Act being a mere incident, the main purpose of the Act being to regulate Criminal Proceedings.

APPEAL from the District Court of the Tenth Judicial District, Yuba County.

The opinion of the Court contains the facts.

*L. B. Reardan,* for Appellants.

Cited no authorities.

*Stephen J. Field,* for Respondent.

The rule of law is well settled, that when there are two affirmative acts upon the same subject, the latter repeals, by implication, the former. Kay v. Goodwin, 6 Bing., 582. Surties v. Ellison, 9 Barn. and Cress., 752. Commonwealth v. Kimball, 21 Pick., 375. Gage v. Currier, 4 Ibid., 399. Bartlett v. King, 12 Mass., 245. Maggs v. Hunt, 4 Bing., 212. Smith's Com., §§ 777, 778, 786, 787, 788, 790.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

On the 1st of May, 1851, two Acts were passed by the Legislature: one, an Act to regulate Proceedings in Criminal Cases; the other, an Act to regulate Fees in Office. Both Acts fix the fees of the Clerk of the Court in criminal cases, and the two are essentially different in their provisions.

In this dilemma, the latter Act must govern, from the time it went into effect, May 1, 1852. The subject of fees was the sole object of that Act, and consequently the inference deducible is, that the attention of the Legislature was more particularly directed to establishing the correct rates of fees than it was in the first-mentioned Act—the main object of which was to regulate criminal proceedings, and to which the fixing of Clerk's fees was a slight incident, easy to be overlooked, and disregarded; especially when we reflect upon the length, importance, and subject matter of the Act.

Judgment affirmed.