## IN THE MATTER OF CARLOS OLIVEREZ.

THE purpose and effect of article six of the amendments to the Constitution recently adopted is not to suspend the administration of any portion of the laws of the State, but to provide a judiciary system which will go into operation when the necessary officers shall be elected pursuant to laws to be hereafter enacted, and to continue the former judiciary system in force until the new one shall be in a condition to exercise its functions.

The Courts of Sessions continue as organized Courts with their jurisdiction unimpaired, notwithstanding the adoption of the constitutional amendments, until the organization of the new Courts by which, as provided in those amendments, they are to be superseded.

The old provisions of the Constitution will cease to have effect from time to time as the substituted provisions commence to operate.

APPEAL from the Twelfth Judicial District.

The Legislature of 1861 proposed certain amendments to the Constitution, of which article six, providing for the reorganization of the judiciary department, will be found in full at the close of this volume. These amendments were adopted by the Legislature of 1862, and at the general election of that year were submitted to a vote of the people of the State. On the fourth of November thereafter, the Governor issued a proclamation declaring the adoption of the amendments by a majority of the popular vote.

The petitioner was, on the ninth of December, 1862, by a judg-

ment of the Court of Sessions of the county of San Francisco, sentenced to sixty days imprisonment in the county jail.   On the thirteenth of December a petition on his behalf was presented to the Supreme Court alleging that he was unlawfully restrained of his liberty by the Sheriff of that county, and that the illegality consisted in the invalidity of the judgment of the Court of Sessions, which Court, it was claimed, had no legal existence subsequent to the adoption of the constitutional amendments.   A writ of *habeas corpus* was issued by the Chief Justice returnable before the Court, and the matter was subsequently heard before the full bench.

*Alex. Campbell*, for the Petitioner.

*Attorney-General*, for the People.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Carlos Oliverez is imprisoned in the jail of the county of San Francisco, under a sentence pronounced by the Court of Sessions of that county, on the ninth day of December, 1862, and claims his release upon an allegation that at the time said sentence was pronounced there was no such tribunal as the Court of Sessions existing in said county.

In support of this allegation he insists that the amendments to the Constitution submitted to the people at the last election went into operation on the fourth day of November last, being the date of the proclamation issued by the Governor, announcing the fact that a majority of the votes cast upon the question of such amendments were in favor of the amendments; and that the Court of Sessions ceased to exist when the former provisions of the Constitution under which it was organized were displaced by the new, which do not provide for a continuation of that Court.

Article six of the amendments provides for the organization of new Courts, and the election of Judges for them at a special election to be provided by law; and section nineteen of that article provides that by the taking effect of the amendments no officer shall be superseded, nor shall the organization of the several Courts be changed until the election and qualification of the several officers

In the Matter of Carlos Oliverez.

provided for in said amendments. The effect of this provision of section nineteen is to continue the Court of Sessions as an organized Court, and to continue the officers by which it is held until the organization of the Court by which it is to be superseded. The Court undoubtedly continues to exist.

But it is further urged, that though the Court of Sessions may be continued as an organized tribunal it is without any jurisdiction, because by section one of article six of the amended Constitution the judicial power of the State is vested in certain specified Courts, among which the Court of Sessions is not named.

If such an interpretation should be adopted it would have the effect to deprive the nineteenth section of any practical meaning or operation. It would be doing merely a vain thing to continue the organization of the Courts if they could exercise no jurisdiction. It would also suspend the operation of all the criminal laws of the State which are now administered by the Court of Sessions until the new Courts shall be organized, because under existing laws no other Court is authorized to administer them. Indeed, an interpretation of the amended Constitution which should immediately deprive the Court of Sessions of all jurisdiction, would equally deprive all the other Courts now existing in the State of all jurisdiction, because the Courts spoken of in the first section of article six, in which the judicial power of the State is to be vested, are not the Courts now in existence, but those which are to be organized under the amended Constitution, and the succeeding sections provide for the future organization of those Courts by the election of Judges at a special election to be hereafter provided by law. But these Courts to be hereafter organized are not the Courts now existing, although similar in name and in their general powers. If they were to be organized in precisely the same manner they would not be the same Courts, but in fact they are to be essentially different in their organization, and their functions are to be in many particulars different. If, then, the existing Courts cannot exercise any jurisdiction which was conferred upon them by the old Constitution, the operation of the whole judicial system is for the time suspended. It is hardly necessary to say that the Legislature in proposing and the people in adopting the amendments could not have intended

In the Matter of Carlos Oliverez.

such results.  That the objects to be effected are to be taken into consideration in determining the meaning of a statute ; that no construction should be put upon a statute that would lead to an absurd consequence ; that a statute must be so construed that all its parts can, if possible, have an effect ; and that the meaning of any particular provision is to be ascertained by considering the whole statute, are familiar rules of statutory construction and equally applicable to the interpretation of the provisions of a Constitution. Interpreting the amendments to the Constitution by these rules, there can be no difficulty in determining that the purpose and effect of article six is not to suspend the administration of any portion of the laws of the State, but to provide a judiciary system which will go into operation when the necessary officers shall be elected pursuant to laws to be hereafter enacted, and to continue the former judiciary system in force and operation until the new one shall be in a condition to exercise its functions.  There is no express repeal of the former provisions of the Constitution.  They merely cease to exist by reason of new provisions upon the same subject being substituted for them, and there is no incongruity or inconsistency in the amendments taking effect at once, so far as to authorize the necessary measures to be taken for the organization of the new Courts, while the former provisions continue in force so far as to uphold the existing Courts, and authorize the exercise of their jurisdiction until the new Courts shall be prepared to exercise the jurisdiction intended to be substituted.  The old provisions will cease to have effect, from time to time, as the substituted provisions commence to operate.  The adoption of the amendments without restriction might have operated to repeal the old provisions upon the same subject ; but it is the obvious intent of the nineteenth section, as it is common to provide by the repealing clause in a new statute, that the repeal shall, for a limited period, be only partial.

It was argued by the District Attorney that the amendments have not been adopted, in consequence of there being certain discrepancies between the amendments as they were proposed by the Legislature, and as they were published previous to the election in 1861. It has not been necessary for us to consider this question, since, according to the views we have expressed, the Court of Sessions is

in existence and empowered to exercise the jurisdiction conferred on it by law under the Constitution as heretofore existing, whether the amendments have been adopted or not.

The prisoner must be remanded.