# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## JULY TERM, 1865.

### E. C. BELL *v.* J. D. CRIPPEN.

JURISDICTION OF DISTRICT COURTS IN TAX CASES.—The District Courts have no jurisdiction of an action to recover judgment for a tax where the amount sued for is less than three hundred dollars, and the complaint contains no prayer for the foreclosure of the tax lien.

APPEAL from the District Court, Thirteenth Judicial District, Mariposa County.

On the 18th day of January, 1865, an action was commenced against plaintiff in the District Court for Mariposa County, to recover the sum of thirty dollars and sixty cents for taxes assessed against plaintiff's property in said county for the year 1864. The complaint contained the usual prayer for a money judgment. Judgment by default was rendered against defendant, February 17th, 1865, with a direction that the Sheriff sell the real property, or sufficient thereof to satisfy the judgment and costs. An order of sale was issued on the

judgment, and the defendant, who was Sheriff of Mariposa County, was proceeding to sell under the order when this action was commenced to enjoin the sale on the ground that the Court had no jurisdiction to render the judgment. An application was made to the District Judge for an injunction, and was by him denied. Plaintiff appealed from the order denying the injunction.

*Alexander Deering,* and *R. McCaffrey,* for Appellant.

By the Court, SANDERSON, C. J.

By stipulation between the parties the only question submitted to us relates to the jurisdiction of the District Court in the suit against the present plaintiff for taxes. In that case, the amount of the taxes sued for was less than three hundred dollars. There was no prayer for a foreclosure of the tax lien, and the judgment was by default.

In *The People* v. *Mier,* 24 Cal. 61, we held that in actions to recover taxes (under the somewhat anomalous condition in which the law now stands), the character of the action (as to whether it is a case at law or in equity) must be determined by the relief sought in the prayer of the complaint; and that where the amount of the taxes sued for is less than three hundred dollars, and there is no prayer for the foreclosure of the tax lien, order of sale, etc., the District Courts have no jurisdiction. We still adhere to the views expressed in that case.

Reversed and remanded.