## THE PEOPLE *v.* A. J. McGUIRE.

CREATING NEW COUNTY.—When a law is passed providing for the creation of a new county out of parts of counties already existing, which Act provides for the future election of county officers, and fixes a time after their election when they shall enter upon the discharge of their duties, the territory described does not become a county until its organization is perfected by the election of its officers.

IDEM.—To constitute a county something more is required than a law defining its boundaries. A local government must be provided.

JURISDICTION OF COUNTY COURTS TO FIND INDICTMENTS.—If a new county is created out of a part of the territory of an old one, with its organization to be effected at a future time, the County Court of the old county has jurisdiction to find indictments for crimes committed in the territory of the new county, between the time of the passage of the law and the organization of the new county.

JURISDICTION OF DISTRICT COURTS AS TO TRIALS FOR CRIMES.—If the Act creating a new county out of a part of the territory of an old one, transfers the new county to a different judicial district from the old one, the District Court of the new county has jurisdiction to try all indictments for murder found in the County Court of the old county, but committed in the new county after the passage of the Act, provided the trial is not had until the new county is organized.

THE defendant appealed.

The other facts are stated in the opinion of the Court.

*Quint & Hardy,* for Appellant.

For all judicial purposes the County of Kern was fully created on the 2d day of April, 1866 ; said county forming a part of the Sixteenth Judicial District. The Governor is required immediately after the passage of the Act, to appoint a Judge of the Sixteenth Judicial District. Kern County is a recognized county in this district, and the Act takes effect upon its passage. The act was committed in territory assigned to the Sixteenth District. The Thirteenth District had no jurisdiction over the offense.

*J. G. McCullough, Attorney-General,* for the People.

By the Court, SANDERSON, J. :

The defendant was indicted in the County Court of the County of Tulare for the crime of murder. He was tried and convicted of the crime of murder in the first degree in the

District Court of the Thirteenth Judicial District, sitting in and for the County of Tulare.

After verdict he moved in arrest of judgment upon the grounds: First, That the County Court of the County of Tulare had no jurisdiction of the alleged offense for the purposes of indictment; and Second, That the District Court of the Thirteenth Judicial District, sitting for the County of Tulare, had no jurisdiction of the indictment for the purposes of the trial.

This motion was denied.

The defendant then moved for a new trial upon the ground that certain errors of law were committed during the progress of the trial.

This motion was also denied.

We shall find occasion to review the former motion only. The grounds of the motion in arrest of judgment are substantially as follows: On the 2d day of April, 1866, the Legislature passed "An Act to create the County of Kern, to define its boundaries and to provide for its organization." (Statutes 1866, p. 796.)  This Act contains no provision as to the time when it shall take effect, and therefore, under the general statute in relation to that subject, it took effect sixty days after its passage, to wit, on the 1st day of June, 1866.  It creates the County of Kern out of territory which belonged in part to the County of Tulare and in part to the County of Los Angeles.  For the purpose of organizing the county, it directs that immediately after the Act shall be in force the Governor shall appoint some suitable person as County Judge (Sec. 7), and that the other county officers shall be elected at an election to be held on the second Thursday in July, 1866, which was the twelfth day of the month.  (Sec. 4.)  It creates a Board of Commissioners, who are empowered and required to establish precincts and appoint officers of election, and to canvass the election returns and declare the result, and to commission those who have been elected.  (Secs. 5 and 6.)  For the purpose of canvassing the returns the Board are required to convene on the tenth day after the election.  (Sec.

6.)    Within ten days after receiving their certificates of election the officers are required to qualify before the County Judge, and thereupon enter upon the discharge of their respective duties.    (Sec. 8.)    For the purposes of representation in the Assembly the county is attached to the County of Tulare, and for the purposes of representation in the Senate, to the Fourth Senatorial District.    For judicial purposes it is attached to and made a part of the Thirteenth Judicial District.    (Sec. 11.)

On the same day, to wit, the 2d of April, 1866, another Act was passed " to create the Sixteenth Judicial District." (Statutes 1865–66, p. 863.)    Although approved on the same day this Act was framed, and introduced in the Legislature subsequent to the Act to create Kern County, which is apparent from the fact that it treats of Kern County as already established, it provides that the Counties of Alpine, Mono, Inyo, and Kern shall compose the Sixteenth Judicial District. (Sec. 1.)    That suits brought and matters pending in the District Courts for those counties shall be heard and determined in the District Court for the Sixteenth Judicial District.    (Sec. 2.)    That a District Judge shall be appointed and commissioned by the Governor immediately after the passage of the Act.    (Sec. 5.)    That the terms of the Court shall commence on the first Mondays of June and December of each year. (Sec. 3.)    And lastly, that the Act shall take effect from and after its passage.    (Sec. 8.)

The offense is charged in the indictment as having been committed on the 16th of May, 1866, at the County of Tulare. The record shows that it was committed at the Town of Havilah, which was in Tulare County prior to the creation of Kern County, but is now the county seat of the latter county. The indictment was found on the 6th of July, 1866, and, by order of the County Court, transmitted on that day to the District Court of the Thirteenth Judicial District for the County of Tulare, where it was subsequently tried at the October term, 1866.

The first question is, when did Kern become a county?

We answer, when its organization was perfected, on or about
the 1st of August, 1866, and not before.   It did not become a
county on the 2d of April, because the Act was not to take
effect until sixty days thereafter, to wit: the 1st of June.   It
did not become a county at the latter date because the whole
tenor and scope of the Act shows that the Legislature could
not have intended that the territory included in the boundaries
described in the statute should become a county until organ-
ized by the election and qualification of such officers as are
required to administer the county government.   The first sec-
tion, which creates the county, does not speak in the present
tense but in the future.   The language is, " there shall be
formed," etc.   Thereafter the Act proceeds and directs how
the county is to be formed.   So far as defining its boundaries
are concerned the Act itself forms the county, but so far as its
organization is concerned, it merely directs how it shall be
accomplished.   To constitute a county something more is
required than to define its boundaries.   A local government
must be provided, and the creation of the county is not accom-
plished until both these things have been done in the appointed
mode.   To hold otherwise would lead to very absurd conse-
quences.   It would place the people and property within the
territory of the proposed county wholly without the pale of
the Government, and erect a place where, in the forcible lan-
guage of the Attorney-General, " there would be neither civil
nor criminal law; where crime would go unpunished and
criminals hold high carnival."   The Legislature could not
have intended such consequences, and there is nothing in the
statute which stands in the way of a different and more
rational conclusion.   (21 Cal. 415.)

The next question is, when organized, of which Judicial
District did Kern County become a part—the Thirteenth or
the Sixteenth?   We answer, the latter.   Although both Acts
were approved on the same day, yet it is clear that the Act
creating the Sixteenth Judicial District contains the latest will
of the Legislature; besides, the assignment of Kern County
to a particular Judicial District was not the main purpose of

the Act creating the county, but an incident which ordinarily would be provided for in the Act dividing the State into Judicial Districts, and under the present circumstances, in the Act creating the Sixteenth Judicial District. The former Act is specially and mainly devoted to the creation of the county, and the latter with the creation of the district. Where such is the case each Act must furnish the rule applicable to its main purpose, because it must be presumed that the attention of the Legislature was therein more especially called to that branch of the general subject. (*Dobbins* v. *The Board of Supervisors of Yuba County,* 5 Cal. 414.)

From what has been said thus far it follows that there was no County of Kern at the time this offense was committed, nor at the time the indictment was found, and hence the County Court of Tulare had jurisdiction of the case for all the purposes of indictment. Before the defendant was tried, however, Kern County had been organized and become in all respects a separate jurisdiction, and in our judgment the jurisdiction of the District Court of the Thirteenth Judicial District for Tulare County over this case then ceased and determined, and that Court ought to have transmitted the case to the District Court of the Sixteenth Judicial District for Kern County, pursuant to the provisions of the second section of the Act creating that district. The case may not come directly within the letter of that section, for it cannot be said, strictly speaking, that the case was pending in the District Court of Kern County at the time that Act was passed, but it would have been, had that county, as assumed by the Legislature, been then organized, and comes, we think, within the true intent and meaning of the Legislature.

The judgment is reversed and the Court below directed to transmit the case to the District Court of the Sixteenth Judicial District for the County of Kern for trial.