JAMES GILLIS, Respondent, *v.* JOHN BARNETT and ECHVARD REGAN, Appellants.

CONSTITUTIONAL CONSTRUCTION—AMENDMENT OF THE SIXTH ARTICLE OF THE CONSTITUTION.—The provision of the 19th Section of the amendment of Article VI of the Constitution, to the effect that the organization of the several Courts shall not be changed until the time appointed in the amendments, necessarily means that their jurisdiction shall continue until that time.

IDEM.—The several Courts of the State continue with their jurisdiction unimpaired, notwithstanding the adoption of the amendment, until the organization of the new Courts by which they were to be superceded.

SERVICE OF PROTEST IN SUITS FOR THE COLLECTION OF TAXES.—In suits for the recovery of taxes, to obtain a valid judgment *in rem* against the real estate, it is necessary that the process should be served in the manner directed by the statute, viz: by posting a copy in some public place thereon.

IDEM.—If there be, however, sufficient service of process upon the owner, a personal judgment against him is valid, under an execution upon which the land may be sold.

SALE OF LAND UNDER EXECUTION OF A JUDGMENT FOR TAXES.—At a sale of land under execution of a judgment for taxes, it is competent for the Sheriff to sell the same to the purchaser who will take the smallest quantity to pay the judgment and costs.

JUDGMENT DOCKET.—It is not contemplated that there shall be more than one judgment docket in each county.

APPEAL from the District Court of the Sixth District, Sacramento County.

The case is stated in the opinion.

*John Heard,* for Respondent.

*Daniel J. Thomas,* for Appellants.

RHODES, J., delivered the opinion of the Court:

The Sheriff's deed to Mayo was excluded on the objection of the plaintiff, and it is now argued that the judgment in the case of *The People* v. *McWilliams et al.,* under which the premises were sold by the Sheriff was void, because the Justice of the Peace had no jurisdiction of the subject of the action, and that the judgment and the proceedings had under it were irregular and invalid.

The action was commenced September 16th, 1863, against McWilliams, the present plaintiff, Gillis and others, and the real estate in controversy in this action, and was brought, as is stated in the record, "to recover $56 20 for State and county taxes levied on said property in the year 1861, and asking a personal judgment against the several defendants, and a decree foreclosing the lien on the property." Judgment was rendered September 25, 1863, whereby it was "ordered, adjudged and decreed by the Court against the said defendants, and the said estate and improvements above described * * *, that said plaintiffs have and recover the said sum" of $56 20, attorneys' fees and costs, "and that the real estate and improvements above described" be sold, etc.; and that if a sufficient amount be not bid to pay the taxes, fees and costs, that the premises be sold to the highest bidder. It is not contended, as we understand the plaintiff, that previous to the time when Article VI, of the Constitution, as amended, took effect, Justices of the Peace had no jurisdiction of actions to enforce liens upon real property for taxes, when the taxes did not exceed two hundred dollars; but his position is, that upon the adoption of the amendment to the Constitution, the amendment took affect at once, and regulated and defined the jurisdiction of the several Courts as therein prescribed, and that therefore the decision in the case of *The People* v. *Mier* (24 Cal. 67), is decisive of the question here.

This question was presented and decided in the matter of

Carlos Oliverez (21 Cal. 415.) In that case the Court of
Sessions had pronounced judgment of imprisonment on the
9th day of December, 1862; and it was insisted on the part
of the prisoner that, upon the adoption of the Constitutional
Amendment, the Court of Sessions ceased to exist, and that
if the amendment did not have the effect to abrogate the
Court, it deprived it of all jurisdiction by conferring it on
other Courts. But both positions were overthrown by this
Court, and it was held that the Court of Sessions continued
to exist, and would possess the jurisdiction that it then
exercised, until the election and qualification of the judicial
officers provided for in the amended Constitution; that the
Courts, whose organization is therein provided for, although
their names might be the same as that of the existing
Courts, and their jurisdiction very similar, were other and
different Courts; that the new apportionment of jurisdiction
would take effect upon the election and qualification of the
several officers, as provided for in the amendment, and that
until that should take place, the Courts then existing would
continue in the exercise of their jurisdiction. It is pro-
vided by Section 19 of that Article, that by the taking
effect of the amendments, no officer shall be superceded, nor
shall the organization of the several Courts be changed until
the election and qualification of the several officers provided
for in said amendments; and there might be added to the
argument in that case the suggestion that the continued
"organization" of the several Courts comprehends not only
the idea that the several judicial officers should not be
superceded (as had already been provided for), but also,
that they should continue in the exercise of the jurisdiction
they then possessed. A Court without jurisdiction is an
impossibility. The provision that the organization of the
several Courts shall not be changed until the time appointed
in the amendments, necessarily means that their jurisdic-
tion shall continue until that time.

The action in *The People* v. *Mier* was commenced *after* the
organization of the new Courts, and the decision in that
case has no bearing upon the question here presented.

The judgment in the case of *The People* v. *McWilliams*,

though open to criticism in matters of form, amounts to a judgment both *in rem* and *in personam*. The record does not present any evidence of the service of process upon the real estate in the manner required by the statute, and the judgment *in rem* cannot, therefore, be sustained; but there was sufficient service of process on the defendant, Gillis, the present plaintiff, and the personal judgment as to him was valid.

A transcript of the judgment was filed with the County Clerk, and was by him docketed in the judgment docket, in which the judgments of the District Court were docketed. The statute does not require the Clerk to keep a separate docket for each Court, but the Practice Act (Sec. 204) requires the Clerk to docket the judgments of the District Court "in a docket kept by him;" and other statutes, such as that in respect to judgments rendered by Justices of the Peace, provide that the judgment shall be docketed by the County Clerk. It is not contemplated that there shall be more than one judgment docket in each county, and although there may be several books, in one or more of which the judgments of a particular Court, may, as a matter of official convenience, be entered, such book or books do not thereby become the docket of such Court, but they, together with the other books used by the County Clerk for that purpose, constitute the judgment docket. The docket entry in this case constituted the judgment a lien upon the interest of Gillis in the lot in controversy.

The sale was properly made. Section 45 of the Revenue Act of 1861 (page 435) requires the Sheriff to sell the smallest quantity of the real estate that a purchaser will take, and pay the judgment and costs; and Section 8 of the Act of 1862 (page 523) provides that the sale shall be made in the same manner, when the judgment contains no special directions as to the mode of selling. The judgment contains no special directions as to the sale, unless the property should not sell for enough to pay the judgment and costs; and the Sheriff adopted the appropriate mode in accepting the bid of the person who offered to take the smallest quantity of the lot, and pay the judgment and costs.

The Court, in our opinion, erred in excluding the deed to Mayo, executed by the Sheriff in pursuance of that sale.

Judgment reversed, and cause remanded for a new trial.