[No. 5347.]

## J. V. N. YOUNG v. JOHN WRIGHT Jr. et al.

Jurisdiction of a Justice of the Peace.—A statute which authorizes the owner of land to take up and keep cattle or sheep found on the same, and to bring suit before a justice of the peace against all the animals, *in rem*, for the recovery of the damages, when they are less than three hundred dollars, and which directs, upon the recovery of judgment, a levy upon and sale of the property on execution, and if there is an overplus of the proceeds, a distribution of the same by the justice among the several owners of the animals, provides for a proceeding in equity to enforce a lien, and, in so far as it confers jurisdiction on the justice, is unconstitutional.

Pleading a Judgment.— A party to an action who relies on a judgment as an estoppel or justification, and in pleading it undertakes to avail himself of the provisions of the act which releases him from pleading the facts which conferred jurisdiction on the justice to render it, must comply strictly with the terms of the act.

Judgment.—The terms "duly rendered," and "duly given or made," when applied to a judgment, are not equivalent.

Appeal from the District Court, First Judicial District, County of San Luis Obispo.

Action to recover the possession of one thousand and fifty sheep, or, if delivery could not be had, of their value, and damages. The defendant John Wright Jr., in his answer, set up that he took up the sheep on the 13th of March, 1876, while they were trespassing on his land, and that he gave the plaintiff notice of the taking up, and of the damage he had sustained, to wit, twenty-five dollars; that the plaintiff refused to pay the same, and take the sheep away, and that, within two days after the taking up, he filed a complaint with Walter M. Jeffreys, the nearest Justice, setting up the facts, the amount of his damages, etc.; that the action was brought against the animals *in rem*, and that the suit was still pending. The plaintiff demurred to the answer, and the defendant filed a supplemental answer in which he set up that since the first answer was filed, and on the 17th day of April, 1876, a judgment had been duly rendered in the action by the Justice, whereby the plaintiff (this defendant) had recovered judgment against the sheep, *in rem*, in the sum of twenty-five dollars damages, and two hundred and eighteen dollars and seventy-five cents, costs of keeping, together with costs of Court.

The plaintiff also demurred to this answer. The other defendants denied the allegation of the complaint. The trial was before a jury, and the verdict and judgment were for the defendants.

The plaintiff appealed. The other facts are stated in the opinion.

*Harrison & McMurtry*, for the Appellant, argued that it was a proceeding in equity, and that the Justice had no jurisdiction.

*William J. Graves*, for the Respondents.

By the Court, CROCKETT, J.:

The demurrers to the original and supplemental answers of the defendant John Wright Jr. should have been sustained. The attempted justification for the seizure and detention of the sheep, set up as a defense in these answers, is founded on proceedings commenced and prosecuted before a Justice of the Peace, under the Act of February 4th, 1874. (Statutes 1873-4, p. 50.) The plaintiff contends that the jurisdiction attempted to be conferred by the statute in question upon Justices' Courts in this class of cases is essentially a proceeding in equity to enforce a lien, of which the District Courts have exclusive jurisdiction under the Constitution; and we think the point is well taken. The statute authorizes the owner or occupant of land to take up and safely keep, at the expense of the owner, any animals found trespassing thereon, and requires him immediately to give notice to the owner, if known, provided he resides within six miles of the place of taking up. At any time after receiving the notice the owner, on proof of his ownership, and tendering the amount of damages " claimed," and paying the expenses of keeping the animals, may demand a return of them; or if proceedings have in the meantime been commenced before a Justice of the District Court, he may give a bond with sureties for the payment of the damages and costs, and thereupon the possession shall be restored to him. But if no owner appears within two days to claim the animals, or if he fails to pay " satisfactory " damages, or if the owner is unknown, or lives

more than six miles from the place of taking up, then if the compensation and damages claimed be less than $300, the person taking up the animals shall, within two days, file with the nearest Justice a verified complaint, setting forth the facts, the amount of damages claimed, and a description of the animals, etc. The action shall be against the animals *in rem*, and may include *all* animals trespassing at one time, whether of one or more brands or marks; and, as we construe the statute, whether of one or more owners. On filing the complaint a summons shall be issued directed to all owners and claimants of the property, and containing a description of the animals. The summons is to be served by posting a copy on the door of the court-room, and filing a copy with the County Recorder, etc. If the judgment be for the plaintiff, "the property may be levied upon and sold as other personal property seized on execution"; *   *   * "any overplus of the proceeds of such sale, after satisfying the judgment and costs, shall be paid by the Justice or Clerk to the owner of the property, upon demand, if demanded within six months from the date of sale; and if not so demanded, the same shall, at the expiration of said time, be paid into the County Treasury for the benefit of the County School Fund." It is clear from this provision that *all* the property is to be sold, however greatly its value may exceed the amount of the judgment and costs, and that the overplus, if any, is to be distributed by the Justice to the several owners, if there be more than one, in proportion to their respective interests. From this synopsis of the statute, it plainly appears that the taker up of the animals is to have a lien upon them for the damages he has suffered and for the cost of keeping; and though the action to enforce the lien is designated as a proceeding *in rem*, and is so in form, it is in substance and effect a proceeding in equity to enforce the lien. This is the more apparent from the provision in respect to the overplus, in distributing which amongst the several persons entitled thereto, the Justice must hear proofs and exercise the equity powers of a chancellor. If a contest should arise between the several claimants of the fund, the facts must be decided by the Justice, without the aid of a jury, and that too in a summary way, there being no provision requiring

issues to be made up between the adverse claimants nor directing how they are to be tried. If the proceeding is to be deemed an action at law, the owner of the overplus could not be deprived of it, except upon a trial by jury, if he chooses to demand a jury; but it is evident that the statute contemplates nothing of the kind, and that it requires the Justice to decide all controversies which may arise in respect to the overplus. We are of opinion that under the Constitution such powers cannot be conferred upon a Justice's Court.

The case is not distinguishable on principle from *People* v. *Mier*, 24 Cal. 61, which has been approved in many subsequent cases.

There is also another ground on which the demurrer to the supplemental answer should have been sustained. In neither the original or supplemental answer is there any averment that a summons was issued or served as required by the statute; and unless this provision was complied with, the Justice had no jurisdiction to render the judgment set up in the supplemental answer. But the answer avers that the judgment was " duly *rendered*," and it is contended that this was sufficient under sec. .456 of the Code of Civil Procedure. That section provides that "in pleading a judgment or other determination of a Court, officer, or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly *given or made*." A party wishing to avail himself of a provision of this character must comply strictly with its terms. In exonerating him from an obligation which would otherwise be incumbent upon him, the statute prescribes the precise conditions on which he is to be relieved, and they must be strictly performed. In this case the averment is not that the judgment was duly " given or made," but that it was "duly rendered," and we are inclined to think these are not equivalent terms. A judgment is duly "rendered" when it is duly pronounced and ordered to be entered. (*Gray* v. *Palmer*, 28 Cal. 416; *Peck* v. *Cortis*, 31 Ibid. 207; *Geneilla* v. *Relyea*, 32 Ibid. 159.) But a judgment duly "made or given" is a complete judgment, properly entered in the judgment-book, so that it may be pleaded in bar of another action. But whether this

be so or not, the statute defines the precise terms on which a party pleading a judgment may be excused from stating in his pleading the jurisdictional facts; and to prevent the necessity of construing doubtful phrases in order to determine whether they are of equivalent import, the better practice is to require the pleader in such cases to pursue the statute strictly.

Judgment reversed and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.