[No. 11867.    Department One. — September 22, 1887.]

## ANNIE E. STOCKTON, APPELLANT, *v.* D. KNOCK, ADMINISTRATOR, ETC., OF H. C. STOCKTON, DECEASED, RESPONDENT.

EJECTMENT — HOMESTEAD — DIVORCE — EVIDENCE ADMISSIBLE UNDER GENERAL ISSUE. — In an action by a divorced wife against the administrator of the estate of her deceased husband to recover the possession of certain land which was formerly community property, and on which the husband during the marriage had filed a declaration of homestead, the judgment roll in the action of divorce setting aside the land to the husband, together with a stipulation filed therein authorizing such disposition, and the will of the husband devising the land to third persons, are admissible in evidence under the general issue.

ID. — STIPULATION FOR DISPOSITION OF PROPERTY — DECREE. — In an action of divorce brought by a wife against her husband, the complaint described a specific tract of land as the homestead of the parties, and alleged that it and certain personal property was all community property. By a stipulation filed in the action, the plaintiff, in the event that the court should be of the opinion that she was entitled to a divorce, waived all claim to such property. The decree granted a divorce to the wife, and in general terms set aside all the community property to the husband. *Held*, that the homestead, being described as community property in the complaint, passed to the husband under the decree.

ID. — EXTREME CRUELTY — HOMESTEAD MAY BE AWARDED TO GUILTY PARTY. — In an action by a wife for a divorce on the ground of extreme cruelty, in which she waives all claim to the community property, the court has power, under subdivision 3 of section 146 of the Civil Code, in the judgment granting her the divorce, to set aside a homestead which had been declared upon community property to the husband.

APPEAL from a judgment of the Superior Court of Lassen County, and from an order refusing a new trial.

The facts are stated in the opinion.

*E. V. Spencer*, and *J. E. Raker*, for Appellant.

*Goodwin & Davis*, for Respondent.

FOOTE, C. — The plaintiff brought an action of ejectment against the defendant, the administrator of her divorced husband's estate.

The land sued for was a homestead, duly declared such by the husband from community property during the lifetime of both the parties and the continuance of their marriage. The trial court gave judgment for the defendant, and from that and an order refusing to grant her a new trial the plaintiff has appealed.

In her complaint she claims the right to enter, take possession, and hold the land in dispute, and that the defendant wrongfully withholds the possession thereof from her, which allegations he by his answer denies. It would therefore appear as if, under the general issue thus pleaded, the defendant had a right to introduce in evidence the judgment roll showing the divorce proceedings had between the parties in another action, which tended to show as a matter of fact that the plaintiff did not have the right, as she claimed, to enter upon the land in dispute at the time of the commencement of her action. (*Semple* v. *Cook*, 50 Cal. 26.)

There was nothing in the answer which confessed the plaintiff's right of entry, and pleaded the judgment in the divorce proceedings by way of estoppel as an avoidance of such right of entry. Therefore the case of *Young* v. *Wright*, 52 Cal. 407, cited to us by the appellant, is not in point.

We hold, against the appellant's contention, that the judgment roll, the stipulation of counsel as to the disposition of the property mentioned in the petition for a divorce, and the will of said H. C. Stockton, deceased, were admissible in evidence. It is next to be considered

what effect, if any, the decree of divorce had upon the plaintiff's claim to a right of entry and possession as against the administrator of the estate of the deceased, H. C. Stockton, her divorced husband.

The petition for a divorce contains this averment: "Plaintiff further says that defendant owns a tract of land of 320 acres, the homestead of plaintiff and defendant, situate on Susan River, about seven miles northwest of Susanville, in this county, known as Stockton mill, that he also owns horses, cattle, sheep, and hogs, the number of which is unknown to plaintiff, and other personal property; that all said property is common property, and was acquired since the marriage of plaintiff and defendant, and was not acquired by gift, devise, or descent."

The part of the decree of divorce pertinent to the matter in hand is as follows: "And it further satisfactorily appearing to the court that the community property is of little value, and that the defendant is considerably in debt, and he having undertaken the care and education of the said four boys, the children of plaintiff and defendant, and the plaintiff having voluntarily relinquished all claim to the property, it is further ordered and adjudged that the whole of the community property be set apart to the defendant."

The stipulation filed in the cause reads thus: "It is hereby stipulated and agreed that if the court should be of opinion that the plaintiff is entitled to a divorce, that then the plaintiff waives all claim to the property, or any of it, and the parties mutually agree that if the court be of the opinion that the interests of the children will be protected, that the plaintiff shall have the custody of the three girls, and the defendant of the four boys, and consent to a decree so awarding the custody, if the court is of the opinion that the plaintiff is entitled to a decree at all."

By his will, the decedent, H. C. Stockton, left all his

property, real and personal, to his four boys, and directed further, " that a certain saw-mill, known as the Stockton saw-mill, situated near the town of Susanville, in Lassen County, state of California, and now owned by me, and also the ranch connected therewith, shall be kept until the youngest boy shall become of lawful age," then the property to be divided, etc.

From this documentary evidence, it is plain that the court granting the divorce intended to, and did, assign the homestead and community property of the parties to the husband. The complaint identifies a certain "Stockton mill" as a tract of 320 acres of land, the homestead of the parties, and declares that it and all the personal property described therein is community property, thus definitely including in the community property, as a part of it, the homestead known as Stockton mill. The decree following the complaint assigns all the community property, as set out in that pleading, to the husband, and as the greater includes the less, the Stockton mill homestead, as described in the complaint in the action, passed to H. C. Stockton by the decree rendered therein. For the decree can be made certain as to the description of the property it meant to assign to the husband by a reference to the complaint which contained sufficient description of it, *Certum est quod certum reddi potest.*

The land described in the declaration of homestead is that sued for in the present action; and it is plain to us, from all the facts and circumstances disclosed in the record here, that the only homestead the parties ever had while they lived as husband and wife was the one involved in this controversy, and decreed to H. C. Stockton by the court trying the action of divorce, together with other property belonging to the community. But the plaintiff contends that the court which granted the divorce did not have the power to make the decree which it rendered in the premises, from the fact, as she alleges, that the

husband was found guilty by that tribunal of "extreme cruelty" toward her, which was a bar to the assignment to him of a homestead taken from community property, as he was not an "innocent party." As a conclusive answer to that, it may be said that, as the plaintiff, of her own motion, stipulated that the court should assign the whole of the property set out in her complaint to her husband, and as the language of subdivision 3, section 146, of the Civil Code, leaves it entirely discretionary with the court to assign or not the homestead, either absolutely or for a limited period, to the innocent party, *subject to the future disposition* of that tribunal, it would seem as if the trial court had full power and authority to make the decree which it did. The other points made do not require notice.

It is evident that the plaintiff could not, in an action of ejectment, recover from one in possession property to which she had no right of entry.

The judgment and order should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.