## J. MAHLSTADT v. A. BLANC.

JURISDICTION OF DISTRICT COURT—EQUITABLE ACTION—VOLUNTARY APPEARANCE OF PARTIES.—Plaintiff sued defendant in Justice's Court to recover eighty-five dollars and forty-one cents for a street assessment in San Francisco, and recovered a personal judgment for the amount claimed. Defendant appealed to the County Court, wherein plaintiff filed a written complaint in the usual form employed in such cases, except the prayer, which was for a personal judgment only. To this complaint defendant answered by a general traverse. The cause was then transferred to the District Court, wherein on the trial—at which defendant appeared without objection of any kind—plaintiff had judgment, by which it was adjudged that plaintiff have a lien on the lot of defendant to secure the amount found to be due, and ordering a sale of the lot in satisfaction of the debt; but there was no personal judgment. In the record brought up by defendant on an appeal from the judgment alone, there is an amended complaint entitled in the District Court which contains a prayer for judgment as rendered, but the transcript contains no evidence that this amended complaint was ever filed in that Court, or any Court, or that any answer thereto was ever filed, or that a default was entered for want of an answer. In this Court no motion was made to strike out this amended complaint or to correct the record. *Held*, first, that defendant is estopped from denying that said amended complaint was filed in the District Court—that the presumption is it was filed, but through some inadvertence of the Clerk it was not so indorsed, or that the indorsement has been accidentally omitted from the transcript; and second, that, as the relief demanded in the amended complaint and awarded by the judgment was equitable in character, and as the defendant voluntarily appeared and went to trial in the District Court, without objection either to its jurisdiction or to said amended complaint, the Court acquired lawful jurisdiction to render said judgment.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

73

*I. N. Thorne,* for Appellant.

The District Court acquired no jurisdiction of the cause. Neither the Justice's Court nor the County Court had jurisdiction of the action, and therefore the County Court had no authority to transfer the cause to the District Court. (*People* v. *Mier,* 24 Cal. 66; *Creighton* v. *Manson,* 27 Cal. 618.)

The amended complaint was never filed, and is improperly in the record, and the original complaint, which alone can be considered, contained no cause of action of which the District Court could take jurisdiction. (*Bell* v. *Crippen,* 28 Cal. 327.)

[No brief on file for respondent.]

By the Court, Crockett, J.:

The plaintiff commenced this action in a Justice's Court, to recover eighty-six dollars and forty-one cents claimed to be due on a street assessment for repairing the crossing of Jackson and East streets, in San Francisco. There were no written pleadings in the Justice's Court; and, so far as any inference can be drawn from the entries in his docket, it was a personal action against the defendant for the recovery of money. A personal judgment was rendered by the Justice against the defendant for the amount claimed, from which judgment the defendant appealed to the County Court. Whilst the cause was pending in that Court the plaintiff filed a written complaint in the form usually employed in such cases, except that it contained only a prayer for a personal judgment against the defendant, and does not seek to enforce a lien on the lot of the defendant. An answer was filed by the defendant, denying generally the allegations of the complaint, and also averring that there was no such street crossing as that described in the complaint.

At this stage of the proceedings the County Court ordered the case to be transferred to the District Court for trial, for

the reason, doubtless, that it was supposed to involve the legality of an assessment.

In the record brought up by the defendant (who is the appellant) there is an amended complaint, entitled "in the District Court," but the transcript contains no evidence that it was ever filed in that Court. There is no memorandum or indorsement of the Clerk, nor any stipulation of counsel showing that it was filed in the cause; nor does the record show that an answer was filed to this particular amended complaint, or that a default was entered for want of an answer. In this amended complaint the plaintiff prays for a judgment, and that the same be adjudged to be a lien on the defendant's lot.

On the trial in the District Court there was a finding and judgment for the plaintiff, by which it was adjudged that the plaintiff have a lien on the lot to secure the amount found to be due, and ordering a sale of the lot in satisfaction of the debt. But there was no personal judgment against the defendant, nor any motion for new trial, and the defendant appeals on the judgment roll.

His first point is that the amended complaint entitled in the District Court was never filed in that Court, and is improperly in the record. But he brings it here as a part of his record, and as one of the papers on file in the cause; nor has he moved to strike it out, or in any manner to correct the record. We think he is estopped to deny that it was duly filed; and the presumption is, either that the Clerk has inadvertently omitted to indorse it as filed, or that the indorsement has accidentally been omitted from the transcript.

Nor is it for the defendant to complain that he failed to file an answer, as it was his duty to do. There is no evidence that he objected at the trial that no issue had been formed on this complaint; and our inference is that the answer which was already in, to the first complaint, was deemed to be a sufficient answer to the second complaint, and was so treated by the Court and parties on the trial.

There is nothing in the point that the District Court

acquired no jurisdiction. When the relief sought is a judgment to enforce a lien for taxes or street assessments, the proceeding being in the nature of a bill in equity, the District Court is the proper forum to enforce it, without reference to the amount claimed. (*People* v. *Mier*, 24 Cal. 61.)

It is immaterial whether or not the transfer of the cause from the County Court, as the case then stood, to the District Court, gave the latter Court any jurisdiction. The amended complaint filed in the District Court was in the nature of a bill in equity, of which that Court had exclusive jurisdiction; and the defendant having appeared to the action and gone to trial without objection, has submitted himself to the jurisdiction of the Court, and cannot now be heard to complain on that point.

From the findings, it appears that East street and Jackson street were and are streets in the City of San Francisco, and on this appeal the findings are conclusive on that point.

Judgment affirmed.