THE PEOPLE v. C. NELSON AND CERTAIN REAL ESTATE.

AMENDED COMPLAINT.—Where an action to recover a personal judgment for a tax, commenced in a Justice's Court, is transferred to a District Court, an amended complaint may be filed in the District Court to enforce a lien on real estate for the tax.

AN ANSWER IN A TAX CASE.—Under the statute of 1863, which provides what a defendant may answer in a suit to recover a tax, an answer which avers that the tax was fraudulently levied for an amount in excess of that authorized by law is good.

COLLECTION OF SCHOOL TAXES.—The general statute in relation to filing answers in cases for the collection of taxes applies to suits for the collection of taxes levied by School Districts.

APPEAL from the District Court, Sixth Judicial District, Yolo County.

This action was commenced in a Justice's Court, to recover a personal judgment for a tax amounting to thirty-five dollars and twenty cents. The complaint was in writing. The defendant answered, and the Court made an order transferring the cause to the District Court for trial, because the answer put in issue the legality of a tax. A demurrer to the complaint was sustained in the District Court, with leave to the plaintiff to amend, whereupon the plaintiff filed an amended complaint, praying for a personal judgment against defendant, Nelson, and a separate judgment against the real estate, and that the same be sold to satisfy the judgment. The defendant moved to strike out the amended complaint because it had no relation to the action originally commenced, that being an action at law to recover money, and the amendment being a chancery proceeding to enforce a lien upon real estate. The Court denied the motion. The Court then,

after striking out the answer, rendered judgment for the plaintiff, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*C. P. Sprague,* for Appellant.

There was nothing in the summons nor in the original complaint to indicate that the suit was brought to enforce a lien upon real estate. The District Court had no jurisdiction of this action other than that conferred by the certificate of the Justice of the Peace before whom the suit was brought; by virtue of that certificate it acquired the same jurisdiction as if the suit had been commenced therein. (Sec. 581, Prac. Act.) A summons in a Justice's Court must state the cause of action in such a manner as to apprise the defendant of the nature of the claim against him, (Sec. 540, Prac. Act,) and in the District Court it must state the general nature of the action. (Sec. 24, Prac. Act.) Had the summons or the complaint in Justice's Court shown that the proceedings were against the real estate *in rem*, the whole proceedings would have been void for want of jurisdiction of the subject matter of the action. (Stats. 1863–4, p. 399; *People* v. *Mier*, 24 Cal. 66.) The Justice having acquired no jurisdiction of the real estate *in rem*, and no summons having been issued from the District Court apprising the defendant of the nature of the action, which was first made known by the amended complaint, it should have been stricken out.

The Court erred in sustaining the demurrer to and motion to strike out the answer to the amended complaint. The demurrer confessed the allegations of the answer. The fact alleged in the answer that the tax was levied for a greater amount than the trustees had jurisdiction to levy is to be taken as true. This is a good defense.

*H. G. Burnett, District Attorney,* and *Robinson & Dunlap,* for Respondent.

Under the sixty-eighth section of the Practice Act there is

a right to amend in any particular, even to the adding a party defendant. The leave to amend being general, the plaintiff could amend as he saw proper. But if the plaintiff had no right to add the real estate as a party, the motion to strike out the complaint would not reach the object sought. The motion should have been limited to striking out the real estate; and the motion was properly overruled.

That portion of the answer which attempts to set up fraud does not set out the facts and circumstances which, if taken as true, would constitute fraud. To be of any force, the answer should show what acts were fraudulently neglected by the trustees, what amount of taxes were levied, and wherein it exceeded the amount allowed by law. It should also have stated the names of the illegal voters, so that an issue could have been tried of the fact, and have pointed out wherein the judges of the election neglected to comply with the law.

By the Court, Crockett, J. :

The motion to strike out the amended complaint was properly denied. A similar question was before us in *Mahlstadt* v. *Blanc*, 34 Cal. 577, and we think that case decisive that the ruling was correct. The proceeding in respect to the defendant's answer was somewhat anomalous. The Court first sustained a demurrer to it, and afterwards struck out the answer. There can be only one theory on which the Court proceeded in dealing thus summarily with the answer, to wit: that this being a suit for taxes, the statute prescribes what the answer must be, and prohibits any other. The tax in this case was levied for school purposes, under section ninety-eight of the Act entitled "An Act to provide for a system of Common Schools," approved March 24th, 1866. (Stats. 1865-6, p. 383.) This section, after authorizing the Trustees of the School District to levy a tax in certain cases, and prescribing the mode of doing it, after the question shall

48

have been submitted to the qualified electors of the district, provides that said tax, "if not paid within the time limited in the next succeeding section for its payment, shall be recovered by suit, in the same manner and with the same costs as delinquent State and county taxes." The next section provides that after the taxes shall have become delinquent, "the Trustees shall deposit said roll with the District Attorney, who shall proceed to collect the delinquent taxes in the manner prescribed by law for other delinquent tax."

The statute then in force for the collection of delinquent State and county taxes provides that in suits brought for their collection the defendant shall be permitted to answer only: First, that the taxes were paid before suit; second, that they have been paid, with the costs, since suit brought, or that the property was exempt from taxation; third, denying all interest in the property at the date of the assessment; fourth, that the land is situate in another county, and the tax has been paid; fifth, fraud in the assessment or fraud in failing to comply with the provisions of the Revenue Act, by which fraud the party or property assessed has sufferd injury. (Stats. 1863, p. 712.)

The answer in this case not only denied that an election was held for the purpose of submitting to the electors the question of the tax, but also denied almost every other material allegation of the complaint. It then alleges that the Trustees fraudulently neglected to comply with the provisions of the statute authorizing the levying of the school tax, and fraudulently levied or pretended to levy a tax for an amount beyond that which they were authorized by law to levy; and that at said pretended election more than twenty illegal votes were received, without which there was a majority against levying the tax; and that the Trustees and Judges of Election fraudulently neglected and refused to prepare a poll list, as required by law to be kept, for reference at said election. If it be conceded, for the purposes of this case, that the statute of 1863 above quoted was applicable and of controlling force in respect to the answer, we

cannot perceive on what ground it can be maintained that it was not a valid defense to aver that the Trustees fraudulently levied a tax for an amount exceeding their jurisdiction. Fraud in the assessment is one of the defenses which the statute expressly authorizes, and it would outrage every principle of justice to deny to the property holder, when sued for taxes, the right to show on the trial that they were fraudulently levied for an amount in excess of the sum authorized by law. If he is debarred from such a defense, the result would be that the most exorbitant taxes might be fraudulently exacted without the authority of law, and the taxpayer would be without remedy. We can attribute no such flagrant injustice as this to the Legislature, and if the statute expressly prohibited such a defense, we should doubt the power of the Legislature to enact such a law. The Court erred in sustaining the demurrer to and striking out the answer.

Judgment reversed and cause remanded for a new trial, and the remittitur ordered to issue forthwith.