[No. 11085.    Department One. — March 14, 1888.]

ANNIE WARD, Respondent, v. JOHN DOUGHERTY
ET AL.    JOHN DOUGHERTY, Appellant.

Deed — Possession by Grantee — Delivery. — The possession of a deed
by the grantee named therein, or by a person claiming under him, is
*prima facie* evidence of its delivery.

Id. — Date of Delivery — Presumption. — Under section 1055 of the Civil
Code, a deed duly executed is presumed to have been delivered at its
date.

Id. — Identity of Grantor — Presumption from Identity of Name. —
In an action to quiet title by a person claiming under a deed from a
grantor having the same name as the defendant, the identity of the gran-
tor with the defendant is presumed from the identity of name.

Judgment — Foreclosure of Street Assessment — Collateral Attack.
— A decree foreclosing the lien of a street assessment which is valid on
its face, and rendered in an action in which the court had jurisdiction of
the subject-matter and the person of the defendant, cannot be collater-
ally attacked by a person claiming under him, by showing that prior
to the decree the assessment in question had been paid.

Sheriff's Deed — Assignment of Certificate of Purchase — Subse-
quent Deed to Purchaser. — Where a purchaser of land at a sheriff's
sale, after the time for redemption has expired, quitclaims his interest in
the land before a sheriff's deed is given, the quitclaim deed is equivalent
to an assignment of the sheriff's certificate of sale, and if the sheriff
afterward execute a deed to the purchaser, the same is void as between
the parties.

Appeal from a judgment of the Superior Court of the
city and county of San Francisco.

The facts are stated in the opinion of the court.

*John J. Coffey*, for Appellant.

The delivery of the deed under which the plaintiff
claims was not shown on the trial, and cannot be pre-
sumed from the fact that it was recorded.    (*Boyd* v.
*Slayback*, 63 Cal. 493; *Hastings* v. *Vaugh*, 5 Cal. 315;
*Bensley* v. *Atwill*, 12 Cal. 231; *Patterson* v. *Snell*, 67 Me.
559; *Hawkes* v. *Pike*, 105 Mass. 560; *Goodsell* v. *Stinson*,
7 Blackf. 437; *Tharp* v. *Jarrell*, 66 Ind. 58; *Parker* v. *Hill*,
8 Met. 447; *Cowles* v. *Bacon*, 21 Conn. 463.)

*W. M. Pierson*, for Respondent.

SEARLS, C. J.—This is an action to quiet title to a lot of land at the corner of Van Ness Avenue and Broadway, San Francisco.

Plaintiff deraigned title through a quitclaim deed executed by the defendant, John Dougherty, on the fourteenth day of June, 1870, to one Patrick J. Tannian, and recorded June 18, 1870, at the request of one Julius George.

Plaintiff in further support of title in herself, introduced a deed from P. J. White, sheriff of the city and county of San Francisco, to James Gaffney (under whom plaintiff claims by sundry mesne conveyances), dated July 5, 1883, and executed pursuant to a decree, order of sale, and sale, in the case of *James Gaffney* v. *Barnaby Dougherty*, in an action to foreclose the lien of a street assessment, under a contract made the ninth day of September, 1866.

It appears from the judgment roll that Denis Mahoney, one of the defendants in the action, set up in a cross-complaint the prior lien upon the property of a mortgage thereon executed May 26, 1864, by Barnaby Dougherty to David Mahoney and assigned to him, the said Denis Mahoney, by the mortgagee, David Mahoney.

The lien of the street assessment was declared to be paramount to that of the mortgage.    Date of decree, December 14, 1867; date of sale thereunder, January 22, 1868.

Defendant claims title to the premises under a sheriff's deed dated July 3, 1883, and executed pursuant to a foreclosure and sale of the premises under the mortgage above mentioned, in an action in which Denis Mahoney was plaintiff, and B. Dougherty defendant.    Decree entered March 19, 1868; sale April 14, 1868, to Denis Mahoney, who received a certificate of sale and assigned the same to the defendant on the twenty-second day of September, 1868, with all his right, title, and interest in the premises.

James Gaffney was made a party defendant in this last-named action, but there was a dismissal as to him, and no decree was taken against him.

Upon the closing of the testimony on the part of plaintiff, defendant moved for judgment as in case of nonsuit, upon the ground that there was no proof of delivery of the deed from defendant Dougherty to P. J. Tannian. The motion was overruled, and this action is assigned as error.

We find in the record no specification of the particulars in which the evidence is alleged to be insufficient, but, waiving this point, we think there was sufficient evidence of the delivery of the deed by the defendant to the grantee therein named. It was regularly executed, acknowledged, and recorded as a conveyance of title to the premises in dispute. It formed a part of the regular chain of title from the defendant to plaintiff, and was produced and offered in evidence at the trial by the attorney of the latter.

It is hardly necessary to say that a deed only takes effect upon delivery, and that without such delivery it has no validity.

Possession of a deed of property, however, by the grantee therein named, and upon the same principle by one holding by conveyance of the same property under him, is *prima facie* evidence of its delivery.

The question of delivery being one of fact, and possession being only primary evidence of delivery, he who disputes such fact may rebut the presumption arising from possession by showing that there has in fact been no delivery; but it has been said that where a deed is found in possession of the grantee, nothing but the most satisfactory evidence of non-delivery should prevail against the presumption. (Devlin on Deeds, sec. 294.)

In *Tunison* v. *Chamblin*, 88 Ill. 379, it was said: "When a deed duly executed is found in the hands of a grantee, there is a strong implication that it has been delivered,

and only clear and convincing evidence can overcome the presumption.   Otherwise titles could be easily defeated, and no one could be regarded as being secure in the ownership of the land.

"It cannot be that a grantor may assail a conveyance fifteen or twenty years after a deed has been made, and recover the land by merely swearing that he never delivered the deed.   The unsupported evidence of the grantor surely cannot be permitted to have such effect, especially when the evidence of such a grantor is in many material matters contradicted, and who seems to act on a low moral plane.   To so hold would render all titles insecure, and would be disastrous in the extreme."

"Any system of jurisprudence adopting rules for the attainment of justice can never sanction a rule fraught with such unjust and iniquitous results."

In *Branson* v. *Caruthers*, 49 Cal. 374, it was said: "The production of the deed of gift by the attorneys of the wife [the grantee] was sufficient evidence of its delivery and acceptance."   (*Barr* v. *Schroeder*, 32 Cal. 609.)

Section 1055 of the Civil Code provides that "a grant duly executed is presumed to have been delivered at its date."

It may be inferred from the decision in *Boyd* v. *Slayback*, 63 Cal. 493, that this court was of opinion that this inference only applied to the time, and not to the fact, of delivery.   In other words, that the fact of delivery must be proven by other and competent evidence, and that when proven, the presumption of the code as to the time of such delivery applies.   In view of this interpretation, the fact of delivery of the deed from defendant to Tannian having been sufficiently proven by its production by the attorneys of plaintiff, who held under him, the date of such delivery will, under the code, be deemed to have been the date of the instrument, viz., June 14, 1870.

So, too, John Dougherty, who executed the deed, is

presumed, under section 1963 of our Code of Civil Procedure, to be the John Dougherty who is defendant in the cause, upon the theory that identity of person is presumed from identity of name.

What is said here will apply with like effect to similar errors assigned upon the introduction of other deeds.

The only other alleged error is predicated upon the refusal of the court to permit defendant to testify in answer to the following question:—

"Do you know of your own knowledge whether the assessment for that street work was paid by Denis Mahoney?"

The proffered evidence involved an attempt to show by parol in a collateral attack that the decree of foreclosure of the lien of the street assessment, and the sale and deed thereunder, were void by reason of the payment of such assessment.

Both plaintiff and defendant are in privity of estate with Denis Mahoney, and the decree, being fair on its face, and rendered in a case where the court had jurisdiction of the subject-matter and of the person of defendant, is not subject to collateral attack.

Again, if we dismiss from view the title of plaintiff, based upon the sale under foreclosure of the lien for street assessment, which was found to be paramount to the lien of the mortgage under which defendant claims title, the case stands thus:—

Defendant held a certificate of purchase under the foreclosure sale. The time for redemption had expired. He had a perfect equitable title, which only lacked a sheriff's deed to turn it into a legal title. In this condition of things he conveyed by his quitclaim deed on the fourteenth day of June, 1870, to Tannian, from whom plaintiff deraigns title. In Green v. Clark, 31 Cal. 592, it was held that if one who has purchased land at sheriff's sale quitclaims his interest in the same before a sheriff's deed is given, the quitclaim is equivalent to

an assignment of the sheriff's certificate of sale, and if the sheriff afterward give a deed to the purchaser, the deed is void as between the parties.

It follows that were we to concede the error upon the exclusion of defendant's testimony to be well assigned, the conclusion rendered by the court below was correct.

Judgment affirmed.

McKINSTRY, J., and PATERSON, J., concurred.

Hearing in Bank denied.