[Civ. No. 385.   First Appellate District.—October 30, 1907.]

VIRGINIA L. TOWNE, Respondent, v. WILLIS J. TOWNE, and HARRY B. TOWNE, Administrator of Estate of J. W. TOWNE, Deceased, Appellants.

DEED—DELIVERY TO GRANTEE—PRESUMPTION—BURDEN OF PROOF— STRONG EVIDENCE REQUIRED TO REBUT PRESUMPTION.—Although a deed may be placed in the manual possession of the grantee without constituting a delivery, yet, when it appears that a deed signed and acknowledged by the grantor has been placed in the hands of the grantee, a *prima facie* case or presumption of delivery is established throwing the burden of proof on him who

would rebut said presumption, to show by strong evidence that there was no delivery.

Id.—DELIVERY OF DEED TO HUSBAND—HOMESTEAD DECLARED BY WIFE FED BY DEED.—Where there was no sufficient evidence to overcome the presumption arising from delivery of a deed to the husband as grantee, the title so acquired by him fed a homestead previously declared by the plaintiff thereupon as his wife, while they were residing upon the property, under a contract of purchase.

Id.—VOID DEED BY HUSBAND.—Where the community property is subject to a homestead, a deed executed thereof by the husband alone to a third party is void and of no effect.

Id.—DIVORCE BY HUSBAND—ADULTERY OF WIFE—PROPERTY SET APART TO HUSBAND IN GENERAL TERMS—HOMESTEAD CARRIED.—Where a divorce was granted to the husband for adultery of the wife, the court had power to set aside the whole property to the husband, both separate and community property, including the homestead thereon, in general terms, without specifically describing the property. A decree adjudging that the husband, as plaintiff, is "entitled to the benefit and disposition of all property and money now belonging to him or in his hands, and the defendant has no right thereto or therein, or claim in or upon the same, or any part thereof," is broad enough to include community property and a homestead selected therefrom by the wife as well as the separate property of the husband.

Id.—WIFE ESTOPPED BY DECREE.—If the wife felt aggrieved by the finding or judgment, she should have attacked them in the appropriate manner; and not having done so, she cannot be heard to say that she has any interest in the community property diverted from her by the decree of divorce.

APPEAL from a judgment of the Superior Court of Santa Cruz County, and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Benj. K. Knight, Hugh R. Osborne, and Joseph H. Skirm, for Appellants.

The plaintiff is estopped by the decree of divorce adjudging all property to the husband, and adjudging that she had no interest in any of the property. She is bound by any matter that she might have litigated. (*Woolverton* v. *Baker,* 98 Cal. 628, 33 Pac. 731; *Quirk* v. *Rooney,* 130 Cal. 505, 62 Pac. 825; *Bingham* v. *Kearney,* 136 Cal. 175, 68 Pac. 597;

*Lamb* v. *Wahlenmaier,* 144 Cal. 91, 103 Am. St. Rep. 66, 77 Pac. 765; *Estate of Harrington,* 147 Cal. 124, 109 Am. St. Rep. 118, 81 Pac. 546.)

T. J. Crowley, Frank McGowan, Chas. M. Cassin, and Cassin & Lucas, for Respondent.

Where the decree is silent as to the homestead property, it is unaffected by the decree of divorce. (*City Store* v. *Cofer,* 111 Cal. 482, 44 Pac. 168; *De Godey* v. *Godey,* 39 Cal. 157; *Biggs* v. *Biggs,* 98 Cal. 38, 35 Am. St. Rep. 141, 32 Pac. 803; *Kirschner* v. *Dietrich,* 110 Cal. 505, 42 Pac. 1064; *In re Burdick,* 112 Cal. 387, 44 Pac. 734; *Tabler* v. *Peverill,* 4 Cal. App. 671, 88 Pac. 994.)

HALL, J.—This action was brought to have it decreed that a certain piece of land in the city of Santa Cruz was the homestead of plaintiff, and that she be entitled to the possession thereof, and that a certain conveyance thereof executed by Willis J. Towne to J. W. Towne be decreed to be null and void.

The action was originally brought against Willis J. Towne and J. W. Towne, but J. W. Towne having died after the action was brought, Harry B. Towne, as the administrator of his estate, was substituted as defendant in his place and stead.

Willis J. Towne is the divorced husband of plaintiff, and was made defendant because he refused to join with plaintiff in bringing the action. Willis J. Towne and plaintiff intermarried in 1888, and in 1890 Willis J. Towne entered into an oral contract with his father, said J. W. Towne, by which said J. W. Towne agreed to sell to Willis J. Towne the lot of land in dispute for the sum of $500. Willis J. Towne, in order to build a dwelling upon the lot, borrowed from a bank the sum of $800, for which his father, J. W. Towne, went security. A house was built upon the lot by Willis J. Towne, and plaintiff and said Willis J. Towne took up their residence therein, and continued to reside therein with their child until some time in 1899.

On the twenty-third day of August, 1895, while plaintiff and defendant were husband and wife, and while they were residing on the premises in dispute, plaintiff executed, ac-

knowledged and recorded in the county recorder's office a declaration of homestead in all respects sufficient in form for a declaration of homestead by a married woman.

On the fifteenth day of April, 1896, J. W. Towne and his wife acknowledged before said Harry B. Towne, who was a notary public, a deed, dated January 11, 1896, in terms conveying the premises in dispute to said Willis J. Towne for the expressed consideration of $5. This deed was confessedly placed in the hands of Willis J. Towne on or about the day of the acknowledgment thereof by said Harry B. Towne, by the direction of said J. W. Towne and his wife.

On the twenty-seventh day of August, 1898, plaintiff caused said deed to be recorded in the office of the county recorder.

On the tenth day of November, 1898, said Willis J. Towne executed and acknowledged a deed to the said premises, purporting in terms to convey said premises to said J. W. Towne, which was recorded on the same day.

On the nineteenth day of February, 1901, Willis J. Towne obtained a decree of divorce from plaintiff.

As before stated, the action was brought to have it decreed that the premises described in the complaint were the homestead of plaintiff, and that she was entitled to the possession thereof as against J. W. Towne and his estate, and that it be decreed that the deed from Willis J. Towne to J. W. Towne was null and void.

Harry B. Towne, as administrator of the estate of J. W. Towne, answered, and also filed a cross-complaint to quiet the title of the estate to said premises as against plaintiff and Willis J. Towne.

The court found the facts in favor of plaintiff, and entered judgment annulling the deed from Willis J. Towne to J. W. Towne, and decreeing said premises to be the community property of plaintiff and defendant Willis J. Towne, and to constitute the homestead of plaintiff and said defendant, and that the estate of J. W. Towne has no right or estate in said property.

Defendants moved for a new trial, and this appeal is from the order of the court denying the motion for a new trial and from the judgment.

The only grounds urged for a reversal of the order or the judgment concern the sufficiency of the evidence to support

certain findings of the court, and the whole matter resolves itself down to two questions:

1. Does the evidence show that the deed to the premises of date January 11, 1898, from J. W. Towne and wife to Willis J. Towne was ever delivered with intent to become operative as a conveyance?—the contention of appellants being that, though the deed was actually delivered, that is, placed in Willis J. Towne's possession, by direction of the grantors therein, it was so delivered upon the understanding that it should not be effective until the premises were fully paid for and that the same were never in fact fully paid.

2. Was plaintiff divested of all interest in the premises in dispute by the judgment of divorce between Willis J. Towne and herself?

We will first dispose of the question concerning the delivery of the deed.

It is undoubtedly true, as contended for by appellants, that a deed may be placed in the manual possession of the grantee without accomplishing a legal or operative delivery. (*Denis* v. *Valati*, 96 Cal. 227, [31 Pac. 1]; *Kenney* v. *Parks*, 137 Cal. 531, [70 Pac. 556]; *Hibbard* v. *Smith*, 67 Cal. 551, [56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46].) But it is equally true that when it is shown that a deed, duly signed and acknowledged by the grantor, has been placed in the hands of the grantee by the grantor, or by his direction, a *prima facie* case of delivery has been established. (*Black* v. *Sharkey*, 104 Cal. 279, [37 Pac. 939]; *McDougall* v. *McDougall*, 135 Cal. 316, [67 Pac. 778].)

The possession of the deed duly executed in the hands of the grantee is *prima facie* but not conclusive evidence of its delivery. It therefore follows that he who disputes this presumption has the burden of proof, and must show that there has been no delivery. And not only must this presumption be overcome, but it is held that there is such a strong implication that it has been delivered when it is found in the hands of the grantee that only strong evidence can rebut the presumption. (Devlin on Deeds, sec. 294; *Ward* v. *Dougherty*, 75 Cal. 240, [7 Am. St. Rep. 151, 17 Pac. 193].)

In the case at bar the deed in question was, after being signed and acknowledged, handed to the grantee by direction of the grantor, where it remained until it was recorded two

years and four months thereafter. Indeed, there is no evidence that it was ever recalled, or any attempt made by the grantor before the bringing of this action to claim possession thereof. The only evidence relied upon by appellants to overcome the presumption of a delivery is the evidence of defendant Harry B. Towne, who is a son of J. W. Towne and one of the heirs at law, and Willis J. Towne, also a son and heir at law of J. W. Towne.

Upon this point Harry B. Towne, after testifying that his father and mother acknowledged the deed before him, said: "They told me, they said to hand it to my brother Willis, and if he paid all the money to let him go and record the deed, and if he did not pay all the money the deed was to be handed back to my father, and in case of the death of my father the deed was to be recorded by my brother Willis; if he did not make the payments it was to be of no effect." The witness further said that the money to be paid was the money owing on the house and lot, but did not say how much was owing at the time of this conversation. He further said: "If he did not pay the whole amount and abandoned it, whatever he did pay in was to go as rent. . . . I did hand this deed to Willis J. Towne, and inform him of those conditions; it was handed to him under those conditions stated by me."

This witness did not attempt to say how much was unpaid on the house and lot, and of course could not, and did not, attempt in any way to say but that what was unpaid at the time of his handing the deed to the grantee was subsequently, and before the recording of the deed, fully paid. The recording of the deed occurred two years and four months after the handing of the deed to the grantee. This evidence falls far short of proving no delivery of the deed, in that it does not show but that the conditions were complied with. The only other evidence introduced by defendant upon this question is the evidence of Willis J. Towne, who in substance stated that he bought the lot from his father on an oral agreement to pay therefor $500. He said: "I entered into a verbal contract with him as to the purchase of this lot. . . . I was to pay $500 for the lot; the terms of the contract were that when I paid for it I was to own it, but he spoke, of course, that at his death it was to be mine . . . if I did not pay for it what money I had paid was to go as

rent, and he was to take it back.'' His father also went on his note at the bank for $800 to build on the lot. That he started in to pay on the contract, and paid $500 in the course of about nine years; that he never paid the note to the bank, but that his father paid the note to the bank, and that as he could not fulfill his contract, the money that he had paid went for rent.

On the contrary, plaintiff testified that her husband, Willis J. Towne, and J. W. Towne and his wife, stated to her that the note to the bank had been fully paid by Willis J. Towne; that J. W. Towne told her this in 1896. She also gave testimony tending to show payment of the purchase price of the lot. She boarded men for her father in law to an amount of about $150, which was to go on the lot, and she allowed her husband to sell some horses of her separate property for about $500, to be paid on the lot.

Furthermore, defendant put in evidence the judgment-roll in the action for divorce between Willis J. Towne and plaintiff. In the verified answer of Willis J. Towne to the cross-complaint of the defendant therein (plaintiff herein) said Willis J. Towne, in reply to her allegation that he owned as community property the premises now in dispute, denied that he then owned said homestead lot, and alleged that he did at one time own the house and lot, ''but sold the same two years ago for $1500, of which sum, after paying the debts due on said house and lot, the plaintiff retained the sum not to exceed $600.'' This statement, sworn to by Willis J. Towne in his action for divorce, is entirely inconsistent with his testimony in this action relating to his ownership of the premises in dispute. No attempt was made to explain the contradiction, and under these circumstances the court was justified in giving no credence to his testimony. Certain it is that we cannot, from the whole record in the case, say that the court was obligated to hold that the *prima facie* case of delivery made by the fact that the deed was placed in the actual manual possession of the grantee by direction of the grantor after being duly signed and acknowledged, was overcome by the satisfactory proof required by the law. (*Ward v. Dougherty*, 75 Cal. 240, [7 Am. St. Rep. 151, 17 Pac. 193].)

The deed of January 11, 1896, having been delivered, the title thus acquired by Willis J. Towne fed the homestead,

and the declaration of homestead previously filed by plaintiff became effectual, and the subsequent conveyance thereof by Willis J. Towne was void and of no effect. (*Alexander* v. *Jackson,* 92 Cal. 514, [27 Am. St. Rep. 158, 28 Pac. 593]; *Perry* v. *Ross,* 104 Cal. 15, [43 Am. St. Rep. 66, 37 Pac. 757]; Civ. Code, sec. 1242.)

We now take up the question as to the effect of the decree in the action for divorce upon the rights of the parties to this action.

The contention of appellants is that by the decree of divorce the premises in dispute were awarded to the defendant Willis J. Towne, and that therefore plaintiff had no interest therein.

The court, in its findings in this action, found, in reference to this question, "that said court, by its said decision and judgment in said divorce suit, did not in any manner dispose of the property described in plaintiff's amended complaint."

Of course, no adjudication that the court, in the action for divorce, might make could affect the title of either party to the divorce suit as against strangers to that suit, nor the title of any such stranger as against either or both of the parties to the divorce suit. Nevertheless, if the court, in the divorce suit, awarded the property in dispute in this action to the plaintiff in that action (Willis J. Towne), plaintiff in this action has no interest in such property, and should have been defeated in this action.

The judgment-roll in the divorce action shows that in his complaint for divorce Willis J. Towne charged the defendant therein (plaintiff herein) with adultery, and alleged that he owned certain community property, consisting of household furniture and $300 in money, and expressly alleged that he was not possessed of any other community property. The defendant in said action, by her cross-complaint, alleged that the plaintiff in said action was the owner and possessed of the property in dispute herein and other property, all of which she alleged to be community property, but did not set up that any of it was a homestead. Plaintiff in that action, in his answer to the cross-complaint, denied that he owned the premises in dispute in this action. He admitted that he owned certain other property which she charged that he owned, and which he had not mentioned in his complaint,

but alleged that all the property that he then owned was his separate property.

The court in its findings in the divorce suit found that the plaintiff therein owned as his separate property one piano and one hundred and sixty acres of land in Glenn county, and inferentially at least some money, the balance of the proceeds of some other property which he had sold during the pendency of the action, and that the plaintiff in said action did not at the beginning of said action, or at the time of the rendition of the decision, own any community property whatever, and in effect that he did not own the property in dispute in this action.

The court in its decree adjudged:

"That plaintiff is entitled to the benefit and disposition of any and all property or money now belonging to him, or in his hands, and defendant has no right thereto or therein, or claim in or upon the same, or any part thereof, nor has the defendant any right or claim to maintenance or support by or from plaintiff.

"That plaintiff is the absolute owner of the following real property" (here follows a description of one hundred and sixty acres of land in Glenn county), "also one piano."

While the language of the first paragraph of the decree above quoted is not as apt as might have been chosen for the purpose of awarding to the husband all the community property, we think such is the effect of the language used.

The court adjudged that "the plaintiff" (Willis J. Towne) "is entitled to the benefit and disposition of any and all property or money now belonging to him or in his hands, and the defendant" (Virginia E. Towne) "has no right thereto or therein, or claim in or upon the same, or any part thereof." The words "all property or money now belonging to him or in his hands" includes community property, and a homestead selected from community property as well as separate property.

The divorce having been granted because of the adultery of the wife, the court had power to award to the husband all the community property, including the homestead, if any, selected therefrom. (Civ. Code, sec. 146.) And this may be done in general terms without particularly describing the property. (*Stockton* v. *Knock*, 73 Cal. 427, [15 Pac. 51].)

6 Cal. App.—45

In the case just cited it was held that the language, "It is further ordered and adjudged that the whole of the community property be set apart to the defendant," was sufficient as an award to the defendant of the homestead selected from community property.

In the decree now under discussion the court in effect awarded all the community property to the husband, and expressly adjudged that the guilty wife had no right thereto or claim in or upon the same. It is true that the court in its findings had found that the husband owned no community property; yet in its decree it used language broad enough to settle all property rights of the parties, and evidently so intended. Such construction of the decree accords with the presumption that all matters in controversy were disposed of by the judgment. (*Bingham* v. *Kearney,* 136 Cal. 175, [68 Pac. 597].) If the wife felt aggrieved, either by the finding or by the judgment, she should have attacked them in the appropriate manner; but having allowed the same to become final, she cannot now be heard to say that she has any interest in such property. By the decree of divorce she was divested of all interest in the community property, all of which was awarded to her husband, for which reason the finding of the court—"That said court, by its said decision and judgment in said divorce suit, did not in any manner dispose of the property described in plaintiff's amended complaint," is not supported by the evidence.

For this reason the order and judgment are reversed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 27, 1907, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 23, 1907.