[S. F. No. 6108.  Department One.—November 18, 1912.]

In the Matter of the Estate of CATARINA SEILER, Deceased.  PHILLIPP SEILER, Appellant; GEORGE R. ANDREWS, Respondent.

DIVORCE—INTERLOCUTORY DECREE DOES NOT DISSOLVE MARRIAGE—FINAL JUDGMENT.—The entry of an interlocutory decree of divorce does not dissolve the marriage, and the parties thereto remain in the legal relation of husband and wife until the marriage has been dissolved by the final judgment.

ID.—DEATH OF WIFE AFTER INTERLOCUTORY DECREE—SURVIVING HUSBAND ENTITLED TO LETTERS OF ADMINISTRATION.—A surviving husband, against whom an interlocutory decree of divorce has been entered, has a priority of right to letters of administration on the estate of his deceased wife.

ID.—ENTRY OF FINAL DECREE AFTER DEATH OF WIFE—HUSBAND'S RIGHTS OF INHERITANCE NOT DESTROYED.—The entry of a final decree in the divorce action, after the death of the wife, as provided in section 132 of the Civil Code, did not operate retroactively to take away rights of inheritance which had, by such death, become vested in the surviving husband.

APPEAL from an order of the Superior Court of Fresno County granting letters of administration on the estate of a deceased person.  George E. Church, Judge.

The facts are stated in the opinion of the court.

Frank Kauke, for Appellant.

M. F. McCormick, for Respondent.

SLOSS, J.—Catarina Seiler died intestate on the third day of October, 1911.  She was a resident of the county of Fresno, and left estate therein.  Petitions for letters of administration were filed by Phillipp Seiler, claiming to be the surviving husband of the decedent, and by the public administrator.  The court made its order denying the application of Seiler and granting that of the public administrator.  Seiler appeals from the order.

The appellant was concededly entitled to administer if he was the surviving husband of the decedent.  That he had

been her husband was not disputed. The public administrator was permitted, over Seiler's objection, to prove that in April, 1911, some six months before Mrs. Seiler's death, and about seven months before the hearing on the applications for letters, an interlocutory decree in favor of plaintiff had been given and entered in a divorce action instituted by Catarina Seiler against Phillipp Seiler. The trial court apparently took the view that the entry of this decree terminated the relation of husband and wife between the parties to the action, and deprived the former husband of the right of inheritance from his wife. This was error. Any doubt that may have existed on this point at the time of the hearing has been resolved by the decision of this court in *Estate of Dargie*, 162 Cal. 51, [121 Pac. 320], filed in January of the present year. · It was there held, in a case presenting a similar question to the one now before us, that the entry of the interlocutory decree does not dissolve the marriage. "By the terms of the statute," says the opinion, "it is the final judgment alone that grants the divorce, dissolves the marriage, restores the parties to the *status* of single persons, and permits each to marry again." Until the court has by final judgment, declared the marriage dissolved, "the parties remain in the legal relation of husband and wife." At the time of the hearing for letters of administration in this case, no final decree of divorce had been rendered. In fact, none could have been rendered, the interlocutory decree being then less than one year old. It follows that, under the rule declared in the Dargie case, the appellant was the surviving husband of the decedent, and as such entitled to letters.

It is suggested by respondent in his brief that, pending the present appeal, a final decree of divorce has been entered. While this does not appear in the record, the appellant concedes the fact, and states his willingness to have it considered here. Section 132 of the Civil Code contains a provision to the effect that the death of · either party to a divorce action after the entry of the interlocutory judgment does not impair the power of the court to enter final judgment. The purpose of this provision is not entirely clear. Possibly it was designed to enable the court to establish, by final decree rendered after the death of a party, property rights which had been passed upon, provisionally or otherwise (*Pereira* v.

*Pereira,* 156 Cal. 1, [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488]) in the interlocutory decree. But certainly such final decree could not have been intended to effect the dissolution of the marriage. This result is already accomplished by the death of one of the parties. Nor can we believe that the legislature intended to authorize the court, possibly of its own motion and against the will of the only remaining party in interest (Civ. Code, sec. 132), to enter a decree which should operate retroactively to take away rights of inheritance which had, by the death, become vested in the surviving spouse. So that, if we may act upon the appellant's concession to the extent of considering a fact occurring since the taking of the appeal, and not shown by the record, it must still be held that the husband's right of succession with respect to his wife's estate was not affected by the divorce proceedings.

The order is reversed.

Shaw, J., and Angellotti, J., concurred.