[Civ. No. 8974. First Appellate District, Division One.—September 12, 1933.]

MARY S. LEAVITT, Appellant, v. EARL V. LEAVITT, Respondent.

Tanner, Odell & Taft for Appellant.

Isador Morris for Respondent.

TYLER, P. J.—Plaintiff brought this action for separate maintenance. Defendant filed a cross-complaint, alleging extreme cruelty, and prayed for a divorce.

The trial court found certain personal property, consisting of household furniture, to be community property of the spouses. It further found certain real property to be the sole and separate property of the defendant and cross-complainant, upon which plaintiff and cross-defendant had

placed a homestead. After awarding plaintiff certain costs and sums for her support the court made an equal division of the community property, and decreed the real property to belong to defendant and cross-complainant, and that plaintiff and cross-defendant had no interest therein. It then decreed that defendant and cross-complainant be granted an interlocutory decree of divorce and that plaintiff be allowed to occupy the real property for a period of ninety days.

Two points are relied upon for a reversal. It is first claimed that the finding that plaintiff and cross-defendant was guilty of extreme cruelty is not supported by the evidence, nor is the corroborative evidence offered in substantiation thereof sufficient to sustain the findings; second, that the interlocutory judgment is erroneous to the extent that it attempts to limit to a period of ninety days appellant's right to the occupancy of the homestead of the parties.

■ There is no merit in the first contention. We do not deem it necessary to review the evidence. Suffice it to say there was sufficient evidence to support the charge of cruelty pleaded by cross-complainant and testified to by him, and there was also sufficient corroboration substantially tending to confirm such charge.

In an action for divorce corroboration of every act sworn to by a plaintiff is not required, but evidence substantially tending to confirm plaintiff's testimony is sufficient (*Percy* v. *Percy*, 188 Cal. 765 [207 Pac. 369]).

■ We see no answer, however, to appellant's second contention, that the interlocutory judgment is erroneous in attempting to limit her right to the occupancy of the homestead of the parties to a period of ninety days. An interlocutory decree of divorce cannot of itself have the effect of nullifying the homestead character of the property, nor should the trial court have attempted to destroy or assign it until such time as the marriage was actually dissolved by the final decree of divorce. (*Radich* v. *Radich*, 64 Cal. App. 605 [222 Pac. 182]; *Remley* v. *Remley*, 49 Cal. App. 489 [193 Pac. 604].) The interlocutory decree is not a decree of divorce nor does it dissolve the marriage. The court, therefore, should not have limited appellant's right to the occupancy of the homestead until such time as the marriage shall be dissolved by the final decree (*Strupelle* v. *Strupelle*, 59 Cal. App. 526 [211 Pac. 248]; 13 Cal. Jur.

535). This being so, the interlocutory decree must be modified by striking therefrom that portion which imposes a limitation upon the appellant's right to the occupancy of the homestead prior to the date when the divorce shall have become final.

As so modified the judgment is affirmed.

Cashin, J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 6, 1933.