[L. A. No. 20596.   In Bank.   Sept. 30, 1949.]

Estate of GRACE VIVIAN TEEL, Deceased. IRA McDOW-
ELL TEEL, Respondent, v. ADELE ARBO, as Admin-
istratrix, etc., Appellant.

Marion P. Betty for Appellant.

Nixon A. Lange and Charles E. Beardsley for Respondent.

TRAYNOR, J.—In the proceedings for the administration of the estate of decedent, her divorced husband petitioned to have set apart to him a house and lot selected as a homestead by decedent out of community property. The probate court found that the homestead was valid and subsisting at decedent's death and that title thereto vested in petitioner as the surviving spouse. The administratrix appeals from the order granting the petition.

Petitioner and decedent were married in 1933 and thereafter occupied the property until after January 11, 1945. In 1944, petitioner commenced an action for divorce and decedent cross-complained for separate maintenance. On January 11, 1945, decedent filed a declaration of homestead on the property without the actual knowledge of petitioner.

In March, 1945, petitioner and decedent entered into a property settlement agreement whereby petitioner agreed to convey to his "wife as her separate property, *all of his right, title, claim and interest in and to the community property of*

*the parties,* consisting of a house and lot . . . which property is held as joint tenants with right of survivorship; the foregoing is to be effective when wife procures her interlocutory decree of divorce. . . ." The agreement also provided that "Each party does hereby release, relinquish and waive to the other any and all claims he or she may now have or may hereafter acquire against the other for support and maintenance, or otherwise and does hereby release, relinquish and waive all rights to administer upon the estate of the other after the death of such other, and *does hereby release, relinquish and waive unto such party his or her successors and next of kin or heirs at law any right or claim for* family allowance, *homestead,* support or maintenance, or otherwise, against such other's estate, and *agrees not to hereafter claim any interest in the other's property,* except as herein provided." [Italics added.]

On May 1, 1945, decedent amended her cross-complaint to pray for divorce and was granted an interlocutory decree approving the property settlement agreement. On the same date, pursuant to the agreement, petitioner executed a deed conveying the property to decedent. No appeal was taken from the interlocutory decree, and it has now become final. On May 27, 1945, decedent died.

Thereafter, petitioner filed an action in equity against the administratrix of decedent's estate, alleging that he and decedent had become reconciled and that they had orally agreed to cancel the deed conveying the property. He prayed that the interlocutory decree of divorce be vacated, the property settlement agreement be set aside, and the deed be cancelled. The court entered judgment for the administratrix, finding that at the time of decedent's death the property was her separate property and the administratrix had the right to possession thereof. That judgment has now become final.

"If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both were living, was selected from the community property . . . it vests, on the death of either spouse, absolutely in the survivor." (Prob. Code, § 663; see, also, Civ. Code, § 1265.) Since the interlocutory decree of divorce did not dissolve the marriage (*Estate of Seiler,* 164 Cal. 181 [128 P. 334, Ann. Cas. 1914B 1093]; *Estate of Dargie,* 162 Cal. 51 [121 P. 320]), petitioner is entitled to the property as the surviving spouse unless the homestead was abandoned by the property settlement agreement or deed to the property, or unless he is barred

from asserting any interest in the property by reason of the judgments in the divorce or equity actions.

█ The property settlement agreement and deed were ineffectual as declarations of abandonment of the homestead. "A homestead can be abandoned only by a declaration of abandonment, or a grant thereof, executed and acknowledged: 1. By the husband and wife, if the claimant is married . . ." (Civ. Code, § 1243; see, also, Civ. Code, § 1242) and "is effectual only from the time it is filed in the office in which the homestead was recorded." (Civ. Code, § 1244.) There is no evidence that either the agreement or the deed was jointly acknowledged by petitioner and decedent or that these instruments were recorded. █ Since the statutory requirements must be strictly complied with (*Dixon* v. *Russell*, 9 Cal. 2d 262 [70 P.2d 196]; *Freiermuth* v. *Steigleman*, 130 Cal. 392 [62 P. 615, 80 Am.St.Rep. 138]), it must be concluded that the effect of these instruments was, not to terminate the homestead with its right to survivorship in the surviving spouse, but to convey the property to decedent as her separate property. (*Dixon* v. *Russell, supra,* 9 Cal.2d 262; *Wall* v. *Brown,* 162 Cal. 307 [122 P. 478]; *Brandon* v. *Faria,* 99 Cal. App. 594 [279 P. 192].)

Appellant asserts, however, that the interlocutory decree of divorce effectually and finally disposed of the property rights of the parties and cannot be attacked in this proceeding, since the time for appeal therefrom has elapsed.

█ Section 146 of the Civil Code provides: "If a homestead has been selected from the community property, it may be assigned to the party to whom the divorce is granted. . . . The assignment may be either absolutely or for a limited period. . . ." Accordingly, if the court in the divorce action made an assignment of the homestead to decedent, petitioner can claim no interest in the property. (*Simpson* v. *Simpson,* 80 Cal. 237 [22 P. 167]; *Towne* v. *Towne,* 6 Cal.App. 697 [92 P. 1050].) Appellant contends that the court made such an assignment by approving the property settlement agreement.

Two questions are thus presented: (1) Did the parties intend by the instruments in question to effect a complete and final settlement of all their rights to the property including any right to a homestead that may have been declared thereon? (2) Was the court's approval of the agreement tantamount to an assignment of the homestead to decedent? If, as petitioner asserts, the parties did not intend to convey the homestead to decedent, mere approval of the

agreement by the court could not terminate petitioner's interest therein.

■ Petitioner points out that the agreement does not refer to the recorded homestead and that he did not have actual knowledge thereof at the time the agreement was executed. These facts are of course material to the question whether it was the parties' intention to convey the homestead to decedent by the agreement in question. It has been held, however, that an instrument is effective as a declaration of abandonment of a homestead even though it makes no reference thereto, when the object of the instrument is to effect a ''complete settlement and adjustment of all their property rights.'' (*Estate of Winslow*, 121 Cal. 92, 94 [53 P. 362].)

■ Petitioner conveyed to decedent ''all of his right, title, claim and interest in and to'' the property which, the agreement recites, was held by the parties ''as joint tenants with right of survivorship.'' He also agreed to forego, without reservation, the assertion of any future claim he might have to the property including the right to a homestead therein. If petitioner's interest in the homestead persists notwithstanding these instruments, it is obvious that petitioner did not convey ''all of his interest'' in the property, yet that is the plain import of the language he employed. If petitioner may now assert a claim to the property based upon survivorship in the homestead, it is evident that he does so in the face of his express promise not to ''claim *any* interest in [decedent's] property'' and his express relinquishment of any right to a homestead therein.

It is clear from the instruments in question that the parties intended to effect a complete adjustment of all their rights to the property including the homestead declared thereon. (*Estate of Winslow, supra,* 121 Cal. 92.) ■ Independently of the property settlement agreement, it was within the jurisdiction of the court in the divorce action to assign the homestead to decedent, since the property rights of the parties were put in issue. (Civ. Code, § 146(3), *supra.*) The court made such an assignment by approving the agreement by which petitioner agreed to convey all his interest in the property to decedent and waived all his rights therein. (*Towne v. Towne,* 6 Cal.App. 697, 704-706 [92 P. 1050].)

■ Petitioner contends, however, that an interlocutory decree of divorce cannot of itself effect a final disposition

of the property rights of the parties, citing *Remley* v. *Remley,* 49 Cal.App. 489 [193 P. 604] and *Leavitt* v. *Leavitt,* 134 Cal.App. 145 [24 P.2d 910]. In the cited cases, appeals were taken from interlocutory decrees of divorce. It was there held that the trial court erred in attempting to make final disposition of the homestead in the interlocutory decree, since the homestead persisted until entry of the final decree.

In the present proceeding, however, the time for appeal from the interlocutory decree has elapsed. Petitioner seeks to attack that decree collaterally. In *Leupe* v. *Leupe,* 21 Cal. 2d 145 [130 P.2d 697], this court held that the immediate disposal of property by an interlocutory decree is within the jurisdiction of the trial court and that the decree cannot be modified after it has become final. Accordingly, since the interlocutory decree approving the property settlement agreement has become final, it cannot be attacked by petitioner in this proceeding. Petitioner is therefore barred from asserting any interest in the homestead.

The order is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., and Spence, J., concurred.

CARTER, J.—I concur in the conclusion reached, but it appears doubtful law to hold that a deed from husband to wife, coupled with a property settlement agreement of the type here involved, is not sufficient to constitute an abandonment of the homestead as far as the husband is concerned. That does not mean that the homestead would not be good as against creditors. It would mean only that the husband has forfeited his right to take as survivor of his wife. There is a valid distinction between such a transaction and one where one spouse is conveying to a stranger. In that case, the homestead protection against creditors is lost. Such protection is the purpose of homestead laws. It is clear here, as pointed out by the majority opinion, that the property settlement agreement and deed evinced an unequivocal agreement by the husband to give up his right of survivorship. He has done all he could to do so, and therefore has no standing to claim otherwise. Rather than *protecting* his wife who *did not join* in the execution of the deed, the rule protects the husband. While it is true that some cases have held in accordance with the majority view on this point, I am inclined to think they should be overruled. At least, it is not neces-

sary to reaffirm them and give new vitality to them in this case, for the opinion holds that the interlocutory decree of divorce assigned the homestead to the wife, thereby depriving the husband of his right of survivorship thereunder. That being so, it could be assumed, *without deciding,* that the deed and property settlement agreement involved in this case are insufficient for that purpose, but this precise point should be left open for future consideration by this court should a similar factual situation be presented.

SCHAUER, J.—I dissent. I do not agree that "The court made such an assignment [of the recorded homestead, the existence of which was unknown to the court and to the petitioner, and which was not mentioned in either the property settlement agreement or in the interlocutory decree] by approving the agreement by which petitioner agreed to convey all his interest in the property to decedent and waived all his rights therein." Such holding is inconsistent in principle with the very cases cited earlier in the opinion. The judgment of the trial court should be affirmed.