Melvin J. **TOWERS**, Appellant,

v.

James A. **CURRY**, Trustee, etc., Appellee.

No. 15455.

United States Court of Appeals
Ninth Circuit.

July 29, 1957.

---

Mazzaera, Snyder & DeMartini, J. Calvert Snyder, Stockton, Cal., for appellant.

Shapro & Rothschild, Raymond T. Anixter, San Francisco, Cal., for appellee.

Before LEMMON, CHAMBERS and BARNES, Circuit Judges.

PER CURIAM.

The Bankrupt appeals from an Order of the District Court, approving and confirming an order of the Referee determining as exempt property under Sec. 6 of the Bankruptcy Act (11 U.S.C.A. § 24), a homestead of the value of $3000. Appellant asserts

(1) that an amended declaration of homestead entitles him to the exemption of a head of a family, rather than that of a single man, as claimed in his original declaration of homestead, and

(2) that he is entitled to the larger homestead exemptions granted by the Legislature of the State of California, by amendment of California Civil Code, Section 1260, effective September 9, 1953. On December 22, 1953, appellant filed his original declaration as a single man. Without abandoning this declaration, either expressly or through operation of law, the bankrupt, on June 13, 1954, purported to file an "amended declaration of homestead" as head of a family.

Once an exemption of homestead is created under California law, it can be terminated only in certain specified ways. By statute it can be granted or abandoned (Cal.Civil Code, § 1243), and under decisional law, it can be terminated by operation of law, or judicial decree, or possibly by adverse possession. Donnelly v. Tregaskis, 154 Cal. 261, 97 P. 421.

The filing of a second homestead does not effectuate an abandonment of the first homestead. Waggle v. Worthy, 74 Cal. 266, 268, 15 P. 831, 833. There

can be no more than one valid declaration of homestead by a claimant. § 1263, Cal. Civil Code; Gambette v. Brock, 41 Cal. 78, 84; Strangman v. Duke, 140 Cal.App. 2d 185, 295 P.2d 12; Waggle v. Worthy, supra.

The statutory method of grant or abandonment must be strictly followed. In re Teel's Estate, 34 Cal.2d 349, 210 P.2d 1.

By reason of § 6 of the Bankruptcy Act (11 U.S.C.A. § 24), we are required to interpret § 1260 of the Civil Code as the California courts have done. While the Civil Code itself provides that the homestead statutes should be liberally construed, and the courts have repeatedly said that is their obligation, it is *their* liberal construction, and not ours, which must control. In re Estate of Fath, 132 Cal. 609, 64 P. 995; Greenlee v. Greenlee, 7 Cal.2d 579, 61 P. 1157. In the cases dealing with the technical sufficiency of the declaration, "the courts have departed from their expressed views of liberality, and have held almost uniformly that the detailed requirements of the code are mandatory and cannot be supplied by liberal construction." 26 Calif. L.R. 241, 247, citing cases in note 43.

The cases relied on by appellant, such as In re Estate of Clavo, 6 Cal. App. 774, 93 P. 295; Zazone v. Sprague, 16 Cal.App. 333, 116 P. 989; and In re Estate of Wrenn, 61 Cal.App. 602, 215 P. 909, are not apposite, because they involve factual situations (such as death and divorce) where the original homestead is held to have terminated by operation of law. As the able trial judge points out in his order, under the California state law even the courts have no right to amend a declaration of homestead to make it conform to "secret intentions." Reid v. Englehart-Davidson Mercantile Co., 126 Cal. 527, 58 P. 1063; Carey v. Douthitt, 140 Cal.App. 409, 35 P.2d 632.

We agree with the Referee and the District Court that the first declaration of homestead was the only filing which complied with the California law, and hence the only valid declaration of homestead in existence.

As to Appellant's second point, the Referee found that "most" of the Bankrupt's debts were incurred prior to the change in the exemption statute. The District Court's order likewise recites that there is no doubt that there were creditors within the meaning of § 70, sub. c of the Bankruptcy Act (11 U.S. C.A. § 110, sub. c) in existence prior to the amendment of California Civil Code, § 1260, in 1953. Under California Law, the exemptions specified at the time the obligation was incurred or the contract made is the controlling date. In re Rauer's Collection Co., 87 Cal.App.2d 248, 196 P.2d 803; Strangman v. Duke, supra, 140 Cal.App.2d at page 187, 295 P. 2d 12.

The factual situation here presented is similar to that existing in our recent decision in England v. Sanderson, 9 Cir., 236 F.2d 641. Its holding is contrary to, and disposes of, appellant's second point.

The judgment below (In re Towers, D.C., 146 F.Supp. 882) is affirmed.